UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| VERNON D. WILSON, JR. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:07-CV-376 PS |
| | ) | |
| MICHIGAN CITY POLICE DEPARTMENT, *et al.* | ) ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Vernon D. Wilson, Jr., a *pro se* prisoner, alleges that Michigan City police officers illegally searched his rental car without either a warrant or probable cause. He also alleges that they tampered with the evidence they found in the car and questioned him without providing him with his *Miranda* rights.

Pursuant to 28 U.S.C. § 1915A, the Court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. P. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under RULE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

The pleading standards were recently retooled by the Supreme Court. In the context of a motion to dismiss for failure to state a claim, the Court stated that the "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v.*

*Twombly*, 127 S.Ct. 1955, 1964-65 (2007).  Instead the Court held that the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id*. at 1965.  Two weeks later the Supreme Court decided *Erickson v. Pardus*, 127 S.Ct. 2197 (2007).  In *Erickson* the Court also took up the issue of pleading standards, but this time in the context of *pro se* litigation.  In *Erickson*, the Court stated that "[s]pecific facts are not necessary" to meet the requirements of Rule 8(a).  The Court further noted that a "document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id*. at 2200.  In an effort to reconcile *Twombly* and *Erickson* the Seventh Circuit has read those cases together to mean that "at some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8." *Airborne Beepers & Video, Inc. v. AT&T Mobility*, 499 F.3d 663, 667 (7th Cir. 2007).

First, even if the police questioned Wilson without providing him with a *Miranda* warning, that does not support a civil claim.

> The Constitution and laws of the United States do not guarantee plaintiff the right to *Miranda* warnings.  They only guarantee him the right to be free from self-incrimination.  The *Miranda* decision does not even suggest that police officers who fail to advise an arrested person of his rights are subject to civil liability; it requires, at most, only that any confession made in the absence of such advice of rights be excluded from evidence.  No rational argument can be made in support of the notion that the failure to give *Miranda* warnings subjects a police officer to liability under the Civil Rights Act § 1983.

*Hensley v. Carey*, 818 F.2d 646, 650 (7th Cir. 1987) (brackets and citation omitted).  So this claim will be dismissed with prejudice.

In his more definite statement, Wilson states that as a result of the illegal search and tampered evidence he was arrested and charged with possession of and dealing cocaine.  He

2

states that he has not yet been convicted, but that the charges are still pending. Because success on these claims would be inconsistent with his potential conviction, it is barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

> It should be noted that we have not limited the application of *Heck* to situations involving outstanding convictions. Rather, joining other circuits, we have interpreted *Heck* as barring damage claims which, if successful, would necessarily imply the invalidity of a potential conviction on a pending criminal charge.

*Snodderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 898 n.8 (7th Cir. 2001). Therefore these claims will be dismissed without prejudice. If at some time in the future, all of the charges arising out of the illegal search and evidence tampering claims are dismissed, "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus," *Heck*, 512 U.S. at 486-7, then Wilson may file a new lawsuit. These claims, filed before the cause of action arose, are not ripe or actionable.

This leaves only one remaining issue, Wilson filed this complaint while he was incarcerated at the LaPorte County Jail. When he left that facility, it appeared to the Court that he had been released and he was instructed to complete a non-prisoner *in forma pauperis* petition. In fact, Wilson was not released, but transferred to the LaPorte Community Correction Work Release Center. Therefore he is still a prisoner.

> As used in this section, the term "prisoner" means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program.

28 U.S.C. § 1915(h). Because Wilson is still a prisoner, his non-prisoner *in forma pauperis* petition will be denied.

3

For the foregoing reasons, this Court:

(1) **DENIES** the *in forma pauperis* petition (DE 24);

(2) **DISMISSES WITH PREJUDICE** the *Miranda* claim pursuant to 28 U.S.C. ¶ 1915A;

(3) **DISMISSES WITHOUT PREJUDICE** the illegal search and evidence tampering claims pursuant to 28 U.S.C. ¶ 1915A; and

(4) Because Wilson raises no other issues in his complaint, instructs the Clerk of the Court to **TERMINATE** this case.

**SO ORDERED**.

ENTERED: May 7, 2008

s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT
